THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-359-F

| | |
|---|---|
| BRYAN O'NEAL BENSON | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) **ORDER AND**<br>) **MEMORANDUM AND RECOMMENDATION** |
| MAGISTRATE B. FLATLEY, | )<br>) |
| Defendant. | ) |

This matter is before the court on Plaintiff Bryan O'Neal Benson's pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, his application to proceed in forma pauperis under 28 U.S.C. § 1915(a) is allowed.

Nonetheless, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff is suing Magistrate Flatley for imposing a $2,500.00 secured

1

bond and failing to release Plaintiff after Plaintiff was arrested. A magistrate is an officer of the district court. See N.C. Gen. Stat. § 7A-170. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). Although judicial immunity does not exist when a judicial officer "acts in the clear absence of all jurisdiction," no such absence of jurisdiction exists here. Id. Accordingly, Defendant Flatley has absolute judicial immunity from suit against Plaintiff's claims for money damages because setting bail and refusing to release a defendant after arrest are part of his judicial duties.[1]

In addition, the court notes that it previously imposed Rule 11 sanctions as well as a prefiling injunction against Plaintiff enjoining him from filing new actions alleging race or sex discrimination in violation of Title VII in this court without first securing permission from the court, because of his history of filing spurious cases. See Benson v. Yellow Freight Corp., No. 5:03-CV-526-BR(3) (E.D.N.C. Feb. 4, 2004). Although the prefiling injunction does not apply in this case, the court notes that Plaintiff has engaged in frivolous and vexatious litigation in the past, and it is the court's opinion that the current suit is frivolous as well.

## CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS** Plaintiff's motion to proceed in forma pauperis. In addition, the court **RECOMMENDS** that the underlying

---

[1] Absolute immunity extends only to a plaintiff's request for money damages and does not extend to injunctive and declaratory relief requested un 42 U.S.C. § 1983. See Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982). Although Plaintiff ostensibly raises a section 1983 claim, he requests only monetary damages and does not make a claim for injunctive or declaratory relief. Accordingly, Defendant is absolutely immune from Plaintiff's suit.

complaint be **DISMISSED** as frivolous. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 10th day of October 2007.

DAVID W. DANIEL
United States Magistrate Judge